IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LORIANN LORENZO-ACEVEDO,

Plaintiff,

v.

WALGREENS OF SAN PATRICIO, INC.,

Defendant.

CIVIL NO. 11-1912 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On February 6, 2012, plaintiff Lorian Lorenzo-Acevedo (hereafter "plaintiff Lorenzo") filed an Amended Complaint against defendant Walgreens of San Patricio (hereafter "Walgreens San Patricio"). Plaintiff Lorenzo claims defendant Walgreens San Patricio discriminated against her during employment for reasons of sex, gender and retaliation for having complained of defendant's practices. Claims were filed under Title VII of the Civil Rights Act, federal and state constitutions and under state pendent laws. (Amended Complaint, Docket No. 26).

On March 19, 2012, defendant Walgreens San Patricio filed a motion for summary judgment claiming the Amended Complaint filed against said defendant was the first time plaintiff Lorenzo sought to have said party as responsible for the alleged discrimination and, as such, was outside the ninety-day limitation period of Title VII. 42 U.S.C. 2000e-5(f)(1). Defendant also avers plaintiff Lorenzo did not exhaust administrative proceedings required as to said defendant for she filed her administrative claim and her original complaint as to another defendant, to wit, Walgreens Company. Even after being clearly notified that

plaintiff Lorenzo's employer was Walgreens San Patricio, and the causes of action as to former defendant Walgreens Company were dismissed, defendant argues plaintiff Lorenzo still failed to file her claims as to herein defendant Walgreens San Patricio in a timely manner. (Docket No. 30).

Plaintiff Lorenzo submitted her opposition stating having valid reasons in support of her belief that her employer was Walgreens Company and not being aware that Walgreens San Patricio was the proper defendant. (Docket No. 48). Defendant Walgreens San Patricio sought the opposition and statement in support to be stricken and was allowed a reply. (Docket Nos. 57 and 58). Thereafter, plaintiff Lorenzo filed a sur-reply. (Docket No. 66).

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[1]

Pursuant to the language of the applicable rule, as amended in 2010, the moving party bears the two-fold burden of showing that there is "no genuinely disputed" factual

---

[1] On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

predicate. Said party may also show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during consideration of a motion for summary judgment, Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

The moving party's uncontested facts and other evidentiary facts of record on an uncontested motion for summary judgment must still show that said party would be entitled to summary judgment. *See* Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003). When a motion for summary judgment remains unopposed, the district court may grant summary judgment, if appropriate, although failure to oppose does not mean the summary judgment requested will be automatically granted. Said request for summary judgment, even if unopposed, must be scrutinized in accordance with rule governing such motions. *See* Pérez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531 (1st Cir. 2006).

## UNCONTESTED ISSUES OF FACTS

**A. Defendant's Uncontested Issues of Facts.**

Defendant Walgreens San Patricio submits plaintiff Lorenzo was hired on February 23, 2007 by Walgreens San Patricio working at the store located in Campo Rico, Carolina, and she remained employed until March 31, 2011. All employees working at said store are employees of Walgreens San Patricio, for the store is owned and operated by said company. (Docket No. 30, defendant's Uncontested ¶¶1-3).

Plaintiff Lorenzo was aware her employer was Walgreens San Patricio and payments received for her services were issued by Walgreens San Patricio, which reported plaintiff's earnings to the Puerto Rico Treasury Department. Walgreens San Patricio also provided plaintiff Lorenzo every year the W-2 form which identifies Walgreens San Patricio as the employer. (*Id.*, ¶¶ 4-7).

Upon plaintiff's employment termination, and within the limitation period, defendant Walgreens San Patricio made plaintiff Lorenzo aware of its identity and role as to her claims. Counsel for plaintiff notified having filed a charge, however, against Walgreens Company. In response for notice of the charge, on April 5, 2011, counsel for Walgreens San Patricio informed the EEOC had notified the charge to the wrong entity, that is Walgreens Co. in Deerfield, Illinois, when it should had notified Walgreens San Patricio to its offices in Guaynabo. (*Id.*, ¶9).

In addition, upon employment termination, the Puerto Rico Temporary Disability Insurance known as "SINOT" made plaintiff Lorenzo aware that her employer was Walgreens San Patricio upon making a determination notice when plaintiff filed for benefits which identified the employer as Walgreens San Patricio which was sent to plaintiff Lorenzo on April 13, 2011. (*Id.*, ¶8).

On July 11, 2011, the EEOC issued the Dismissal and Notice of Right, as to the Title VII claim, which was notified to plaintiff Lorenzo, who was already represented by counsel. Still, by September 16, 2011, when plaintiff Lorenzo filed her original complaint, the sole defendant named was Walgreens Company. (*Id.*, ¶¶10; Complaint, Docket No. 1).

Defendant Walgreens Company filed an Answer to the Complaint on November 21, 2011, stating it denied being plaintiff's employer and affirmatively stated Walgreens San Patricio was the employer. (Docket No. 6, ¶1). Walgreens Company reiterated as its affirmative defense it was and never had been plaintiff's employer and could not be held responsible for the law violations identified in the complaint. (*Id.*, ¶16).

Plaintiff Lorenzo made no attempt to amend the Complaint during the months that followed to include defendant Walgreens San Patricio or to substitute the party. On January 27, 2012, Walgreens Company filed a motion for summary judgment requesting dismissal for not being liable for the claims asserted. (Docket No. 15). Plaintiff Lorenzo did not answer nor oppose the motion for summary judgment. Rather, at the Status Conference held on January 31, 2012, plaintiff requested leave to file the Amended Complaint to include herein defendant Walgreens San Patricio as the employer and defendant, which Leave to File and the Amended Complaint were then filed on February 2, and 6, 2012, respectively. (Docket Nos. 20 and 25). Dismissal of then defendant Walgreens Company was granted, as requested, and partial judgment issued. (Docket Nos. 21, 23 and 27). On February 28, 2012, defendant Walgreens San Patricio was served. (Docket No. 33).

**B. Plaintiff's Uncontested/Contested Issues of Facts.**

Plaintiff Lorenzo's opposition submits not being aware of the existence of Walgreens San Patricio or it being her employer. (Docket No. 48, Plaintiff's Uncontested, ¶¶1, 4, 5; Additional Facts ¶1). Plaintiff submits never receiving any document to conclude Walgreens San Patricio was her employer instead of Walgreens Company. (*Id.*, ¶¶ 1, 4, 6, 8; Add. Facts ¶¶1-4).

Plaintiff denies the letter referred by defendant of April 5, 2011, by counsel for Walgreens San Patricio as being her employer or that the W-2 forms from the years 2009,

2010 do not rule out the fact of plaintiff's possession of other documents and her knowledge and belief her employer was Walgreens Company.

Additionally, plaintiff Lorenzo contends that defendant Walgreens San Patricio was at all times aware of the filing of the discrimination charge and the investigation and administrative process before the EEOC for the address in the original charge and the amended charge had the address of Walgreens San Patricio. Both Walgreens Company and Walgreens San Patricio had the same legal representatives, who were able to participate in the EEOC process. (*Id.*, Plaintiff's ¶¶ 7-11; Exhibits 5-10).

In essence, plaintiff Lorenzo submits in denying or qualifying defendant's uncontested statements being unaware during the limitation period that her employer was indeed Walgreens San Patricio instead of Walgreens Company. In the opposition and response to defendant's request for summary judgment, plaintiff Lorenzo states that Walgreens Company appeared as the one who paid SINOT and health insurance plan and benefits, the W-2 form although stating the name of Walgreens San Patricio provided the address of Walgreens Company and not the address in Puerto Rico, and defendant's counsel letter indicated being Walgreens San Patricio its client but not clearly stating it was indeed plaintiff's employer. (*Id.*, Plaintiff's Exhibits 2, Triple S health insurance coverage).[2]

---

[2] Plaintiff also submits Exhibit 3 referring to the employer being just Walgreens in the payroll information form; Exhibit 4 as Employer's Report, SINOT coverage, stating Walgreens at Marginal Buchanan, Villa Caparra Ext., Guaynabo, PR 00966-1706; Exhibit 5, Atty. Anibal Escanellas Rivera's letter of March 18, 2011, (Atty. Escanellas as plaintiff's counsel) referring to Walgreens Company but addressing same to the address at 90 Rio Hondo Ave., Suite 202, Bayamón, PR 00961-3105; Exhibit 6, letter of March 24, 2011 with header of Walgreens, and address at 580 Marginal Buchanan, Ext. Villa Caparra, Guaynabo, PR 00966-1706 to plaintiff Lorenzo; Exhibit 8, Atty. Lazaro Law Group to Atty. Escanellas, dated April 5, 2011, making reference as being retained counsel for Walgreens of San Patricio, Inc., stating the EEOC notified the charge of discrimination to the wrong entity.

Plaintiff further submits a general allegation that Walgreens San Patricio was a subsidiary of Walgreens Company and, thus, the complaint originally filed on September 16, 2011, was timely filed within the 90-day period from the date the Right to Sue Letter was issued.

**LEGAL ANALYSIS**

In essence, defendant Walgreens San Patricio claims that plaintiff Lorenzo's Amended Complaint, including defendant Walgreens San Patricio as defendant, was filed 206 days after July 11, 2011, when the EEOC had notified dismissal of charges as to Walgreens Company, which plaintiff stated was defendant's parent company, and as such the untimely filing is undisputed. Defendant avers plaintiff has not provided a theory of why tolling may apply in her case for the delay of filing against the defendant Walgreens San Patricio. Additionally, the Amended Complaint does not provide any averment the two companies, Walgreens Company and Walgreens San Patricio, are a single entity, for which a generalized comment in plaintiff Lorenzo's opposition to summary judgment is insufficient, there being no basis for disregarding these are separate corporate entities. Furthermore, defendant Walgreens San Patricio contends there can be no relation back to the original complaint for plaintiff Lorenzo must show, and cannot do so, there was a mistake concerning the proper party's identity.

There are two limitation hurdles in this case as to plaintiff Lorenzo. First, the EEOC administrative filing of charges as to the proper defendant, and as a consequence, whether such defendant may thereafter be sued or not for lack of exhaustion of the EEOC claim.

Second, there is the ninety-day limitation to file a judicial complaint as to defendant from the EEOC having issued its letter of right to sue, that is, compliance with the 90-days term to file a complaint against defendant in Title VII cases.

**A. Exhaustion of Administrative Claim (EEOC charge).**

Defendant Walgreens San Patricio seeks summary judgment as to plaintiff Lorenzo's claims in the Amended Complaint for being untimely. Plaintiff Lorenzo's original Complaint, filed on September 16, 2011, was filed against Walgreens Company as the sole defendant.

Jurisdiction over Title VII claims requires that a charge be first timely filed before the EEOC for as a general rule a plaintiff may not file suit in federal court against a defendant not named in the administrative proceedings who had not been previously offered an opportunity for conciliation or voluntary compliance. McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996); 42 U.S.C.A §2000e-(f)(1). Clearly, defendant Walgreens San Patricio was not included as the proper defendant in the EEOC claim and as plaintiff Lorenzo's employer.

There are, however, several exceptions to confer jurisdiction of this court even when a defendant in a civil action had not been named in the EEOC charges, for the timely charge before the EEOC is considered not jurisdictional, that is, subject to waiver, tolling and equitable considerations. Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41 (1st Cir. 2005). To examine if a plaintiff may proceed against an unnamed defendant in an administrative charge, courts may consider whether the plaintiff could ascertain the role

of the unnamed party at the time of the EEOC filing; the interest of the unnamed and named party were similar; prejudice to the unnamed party; and whether the unnamed party had represented to plaintiff that its relationship with plaintiff is through the named party. McKinnon, 83 F.3d at 505.

On January 25, 2011, plaintiff Lorenzo appears to have filed her EEOC charges for sex and retaliation indicating the employer as Walgreens Company with the local address in Puerto Rico being the main offices of Walgreens at 90 Río Hondo, Suite 202, Bayamón, PR 00961-3105. (Docket No. 48, plaintiff's Exhibit 13). The Charge of Discrimination Form dated April 5, 2011, for sex and retaliation claims also reveals the named employer as Walgreens Company, with local address at 580 Marginal Buchanan, Ext. Villa Caparra, Guaynabo PR 00966-1706. (*Id.*, plaintiff's Exhibit 14). In fact, the correspondence during the time frame for attempted resolution of plaintiff's claims were accepted at the local level by the District Manager of Walgreens (letter header) who informed plaintiff of her termination from employment by March 31, 2011. The documentation submitted by plaintiff Lorenzo to support her opposition to defendant's request for summary judgment also shows the employer appears in general terms as Walgreens Co., not necessarily Walgreens San Patricio, as the identified employer seeks to obtain dismissal for not being properly identified.[3] Once Walgreens Company received plaintiff's complaints, its legal representative communicated on several instances with plaintiff Lorenzo's counsel seeking

---

[3] The letters and correspondence showed that Ms. Myriam Díaz, was a Walgreens San Patricio top officer, as Human Resources Director, and Mr. José A. Matos, Loss Prevention Supervisor of Walgreens San Patricio, were notified and aware of plaintiff Lorenzo's claims. Additionally, legal representative for both entities, is the same.

to attain participation in an investigation dealing with her claims of discrimination. (*Id.*, plaintiff's Exhibits 9 and 10). On April 5, 2011, a letter from defendant's counsel indicated the EEOC had notified the charge of discrimination to the wrong entity, that is to Walgreens Co. in Deerfield, Illinois, when it should have been notified to Walgreens of San Patricio, to its offices in Guaynabo, being March 18, 2011, the first time individuals involved in the case learned of Lorenzo's claims. (*Id.*, plaintiff's Exhibit 8).

There are contested issues of fact in controversy as to whether plaintiff Lorenzo had knowledge that the appropriate employer to be named in the EEOC charge was Walgreens San Patricio instead of Walgreens Company. This issue has been disputed by plaintiff with supporting documentation under the custody of plaintiff Lorenzo that furthers reasonable ground for such a confusion. Regardless that the EEOC charge was to be addressed to the name of the employer, it is, however, uncontested that defendant Walgreens San Patricio had knowledge of plaintiff's EEOC claim and that legal representation of defendant Walgreens Company also participated in the administrative conciliatory attempts required, being the same law offices representing both Walgreens Company and Walgreens San Patricio. Thus, we may conclude the interests of both Walgreens Company and Walgreens San Patricio were similar and no prejudice to the unnamed party at the EEOC claim ensued. As such, Walgreens San Patricio had proper notice of the administrative claim and since it is a not jurisdictional issue to have included said defendant in the EEOC claim, summary judgment requested by defendant under the disputed issues of fact above, is not

appropriate. *See* Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127 (1982).[4] *See also* Carolyn Kelly MacWilliam, J.D., *Exhaustion of Administrative Remedies as Prerequisite to Action Under Title I of Americans with Disabilities Act* (42 U.S.C.A. §§ 12111–12117); §6[b], *Effect of adding party to judicial action not named in EEOC filing—Exhaustion of remedies not found*, 169 A.L.R. Fed. 439 (Originally published in 2001).

**B. Limitation 90-day filing.**

The EEOC Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. 42 U.S.C.A. §2000e (f)(1).

Notwithstanding the above as to Walgreens San Patricio not being in the EEOC charge and exhaustion, providing adequate notice of an administrative claim was effected, timely judicial filing within the 90-day period from the issuance of the right to sue letter is a second hurdle plaintiff Lorenzo needs to surpass for the original complaint was filed against a sole defendant, namely, Walgreens Company.

On November 21, 2011, Walgreens Company filed its Answer to the Complaint indicating clearly that Walgreens San Patricio was the proper defendant as plaintiff

---

[4] We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. Zipes, 455 U.S. 393.

Loriann Lorenzo-Acevedo v. Walgreens of San Patricio, Inc.
Civil No. 11-1912 (CVR)
Opinion and Order
Page No. 13

---

Lorenzo's employer. It was also reiterated in its affirmative defenses. When Walgreens Company filed its Motion for Summary Judgment as not being the entity responsible for plaintiff Lorenzo's Title VII and employment related claims on January 27, 2012, Walgreens San Patricio was still not included as defendant in this case. It was not until February 2, 2012, that plaintiff Lorenzo filed for leave to amend the complaint and voluntarily agreeing to dismissal as to Walgreens Company. Under such undisputed issues of fact, the filing of the Amended Complaint including defendant Walgreens San Patricio as defendant for the first time clearly exceeds the 90-day limitation period, which are grounds raised for summary disposition of plaintiff's Title VII claims.

The available ground for equitable tolling for plaintiff Lorenzo to have not filed her judicial claim as to defendant Walgreens San Patricio within the 90-day term could be a mistake in identity which must have been either induced by defendant or for no fault of plaintiff.[5] However, an employee is generally not entitled to avail of tolling, which is a doctrine sparsely applied, upon lack of diligence or for events that are of her own making. Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005).[6]

---

[5] In a similar footing as to an age discrimination claim equitable estoppel of the filing period was not warranted where there was no evidence that employer caused employees to delay bringing lawsuit, or otherwise lulled them into believing that it was not necessary for them to commence litigation. *See* American Airlines, Inc. v. Cardoza-Rodríguez, 133 F.3d 111 (1st Cir. 1998).

[6] The charge-filing requirement of Title VII is mandatory but not jurisdictional, and therefore is subject to a host of equitable exceptions; in deference, however, to Title VII's carefully crafted temporal limitations, Court of Appeals invoke those exceptions sparingly and interprets them narrowly. Jorge, 404 F.3d at 565.

Title VII requires for a 90-day period to file judicial claim as to a defendant from notice of the right to sue issued by EEOC and clearly since the time plaintiff Lorenzo, who was represented by counsel, filed her original judicial complaint before this court defendant argued there was reasonable notice as to the proper employer/defendant and plaintiff should be required to have exercised diligent efforts to ascertain the proper defendant to her case and timely amend the complaint within the limitation period of 90-days.

Thus, in the absence of recognized equitable consideration, a court cannot extend the limitation period by even one day. Rice v. New England Coll, 676 F.2d 9, 11 (1st Cir. 1982). As such, it is uncontested defendant would be entitled to summary judgment on the above discussed grounds for plaintiff Lorenzo's failure to file a complaint against it, that is, Walgreens San Patricio, within the 90-day limitation period.

**C. Relation Back, Single Employer and Equitable Considerations.**

In attempt to avoid the limitation period, plaintiff Lorenzo seeks to bring forth a new averment as to Walgreens being a single employer –which defendant tenaciously opposes for not being argued or presented in the Amended Complaint pleadings. Plaintiff Lorenzo further argues in the alternative, that the Amended Complaint against Walgreens San Patricio should relate back to the original complaint that was timely filed within the 90-day

Loriann Lorenzo-Acevedo v. Walgreens of San Patricio, Inc.
Civil No. 11-1912 (CVR)
Opinion and Order
Page No. 15

---

period. Defendant has objected to both grounds citing to Rodríguez v. Municipality of San Juan, 659 F.3d 168 (1st Cir. 2011);[7] Fed.R.Civ.P. 15(c) and Fustaguio Do Nascimento v. Mukasev, 549 F.3d 12 (1st Cir. 2008) (equitable tolling did not apply).

Under the Federal Rules of Civil Procedure, the Amended Complaint herein relates back to the original complaint and so circumvents any time limitations obstacles, if plaintiff shows defendant "should have known that the action would have been against [it], but for a mistake [on plaintiff's part] concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii).

Under the clear language of the rule governing relation back of amendment to party named in a complaint, post-filing events, including inaction in the face of new information, can be relevant only to the extent that these: (a) shed light upon the plaintiff's state of mind when she filed the original complaint; or (b) inform an added party's reasonable belief concerning the cause of her omission from that complaint. Rule 15(c)(3) requires courts to ponder whether, in a counterfactual error-free world, the action would have been brought against the proper party, not whether the action should have been amended subsequently to include that party. *See* Fed.R.Civ.P. 15 advisory committee's note (1966 Amendment) (explaining that the appropriate question is whether the proper party "knew or should have known that the action would have been brought against him *initially* had there not been a

---

[7] Requirement for tolling limitations period for later-filed action, based on earlier action raising identical causes of action, has three essentials: the causes of action must seek the same type of relief, be based on the same substantive claims, and, generally, be asserted against the same defendants in the same capacities.

mistake concerning [identity]" (*emphasis supplied*)).[8] So the mistaken identity issues discussed by defendant are not paramount to set aside consideration of plaintiff Lorenzo's claims against Walgreens San Patricio in the Amended Complaint but rather, what was plaintiff's contention when she filed the original complaint against Walgreens Company.

Thus, what the plaintiff knew (or thought she knew) at the time of the original pleading –which herein defendant argued caused a delay in amending the pleading after the answer and affirmative defenses were filed– generally is the relevant datum only in respect to the question of whether a mistake concerning identity actually took place. Fed.Rules Civ.Proc.Rule 15(c)(3);. Leonard v. Parry, 219 F.3d 25 (1st Cir. 2000).

Notwithstanding defendant Walgreens San Patricio's arguments as to plaintiff's lack of diligent action to timely amend the complaint and, thus, for this court not to apply the relation back doctrine, the Supreme Court has indicated that the question under Rule 15 is not whether plaintiff knew or should have known the identity of the proper defendant, but whether the defendant knew or should have known that it would have been named as a defendant but for an error. As such Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known, not what the *plaintiff* knew or should have known

---

[8] The rule was amended in 2007 and the wording and the court's interpretation is discussed hereinafter.

Loriann Lorenzo-Acevedo v. Walgreens of San Patricio, Inc.
Civil No. 11-1912 (CVR)
Opinion and Order
Page No. 17

at the time of filing her original complaint. *See* Krupski v. Costa Crociere S.p.A., __U.S. __, 130 S.Ct. 2485, 2493–99, 177 L.Ed.2d 48 (2010) (discussing in meticulous detail how the rule works).[9]

Thus, herein defendant Walgreens San Patricio squarely falls under Krupski and its following rationale in that a prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him may have a strong interest in repose. Still, repose would be a windfall for a prospective defendant who understood, or who should have understood, that he had escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. *See* Coons v. Industrial Knife Co., Inc., 620 F.3d 38 (1st Cir. 2010) (*citing* Morel v. DaimlerChrysler AG, 565 F.3d 20 (1st Cir. 2009)).

For the relation back to apply, the claim asserted against the newly-designated defendant must satisfy the terms of Rule 15(c)(1)(B), which provides that the claim must arise out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading. Second, within the period provided by Fed. R.Civ.P. 4(m) for serving the summons and complaint, the party to be brought in by amendment must have received such notice of the action that it will not be prejudiced in defending on the merits. Third, it must

---

[9] Rule 15(c)(1)(C) speaks generally of an amendment to a "pleading" that changes "the party against whom a claim is asserted," and it therefore is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant. Nevertheless, because the latter is the "typical case" of Rule 15(c)(1)(C)'s applicability, see 3 Moore's Federal Practice § 15.19[2] (3d ed.2009), we use this circumstance as a shorthand throughout this opinion. See also *id.,* § 15.19[3][a]; Advisory Committee's 1966 Notes on Fed. Rule Civ. Proc. 15, 28 U.S.C.App., pp. 122–123 (hereinafter Advisory Committee's 1966 Notes). Krupski, 130 S.Ct. 2493 n.7.

appear that within the same time frame the newly-designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[10] All these terms for the relation back to apply are satisfied in this case, based on the above discussed. As such, plaintiff's Amended Complaint is considered to relate back to the original complaint which was timely filed.

In the alternative, plaintiff Lorenzo makes a general averment without any discussion or legal argument that we are herein dealing with a single employer. However, we find it is not proper to discuss this issue inasmuch as it was never pleaded in the Amended Complaint nor properly argued in plaintiff's opposition to defendant's motion for summary judgment.[11] After all, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.". *See* United States v. Jiménez, 498 F.3d 82, 88 (1st Cir. 2007).

## CONCLUSION

In view of the foregoing, defendant Walgreens San Patricio's Motion for Summary Judgment is DENIED. (Docket No. 30).

---

[10] [T]he amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent. Allied Int'l, 814 F.2d 32, 35-36 (1st Cir. 1987). Young v. Lepone, 305 F.3d 1, 14 (1st Cir. 2002).

[11] There is a "strong presumption that a parent corporation is not the employer of its subsidiary's employees." *See* Engelhardt v. S.P. Richards Co., Inc., 472 F.3d 1, 4 (1st Cir. 2006) (*citing* Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 778 (5th Cir.1997)). Plaintiff Lorenzo has not argued against such strong presumption. Additionally, plaintiff has neither raised other factors being present as to single or joint employer to be considered as to Walgreens Company and Walgreens San Patricio insofar as how to distinguishing between an entity that is a division of, and therefore part of a corporation, and one that is a subsidiary and therefore a separate entity or that there was any common management between the two companies, any interrelation between their operations, centralized control of labor relations; and common ownership.

In addition, defendant's "Motion to Strike pursuant to Local Rule 56(e)" (Docket No. 58) and defendant's "Motion to Strike Plaintiff's Sur Reply in Opposition to Motion for Summary Judgment" (Docket No. 73) are also DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31st day of July of 2012.

                                          s/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGEok